UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WAYNE SMITH, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 19-cv-01888 |
| MTGLQ INVESTORS, LP, | § § § | |
| *Defendant.* | § | |

**DEFENDANT MTGLQ INVESTORS, LP'S
MOTION TO DISMISS**

Pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure, Defendant MTGLQ Investors, LP ("MTGLQ") files this Motion to Dismiss Plaintiff's Amended Complaint, and respectfully shows the Court as follows:

**I.   CASE HISTORY**

Plaintiff Wayne Smith ("Plaintiff" or "Smith") filed this lawsuit on May 24, 2019 to prevent the foreclosure of a deed of trust encumbering the real property located at 5723 Painted Trail Drive (the "Property").  MTGLQ filed a motion to dismiss Plaintiff's Original Complaint. MTGLQ's motion to dismiss was denied, though the Court ordered that the failure of Plaintiff to "file an amended complaint within twenty-one days will result in dismissal of Plaintiff's Case." Dkt. No. 14.  On July 24, 2019, Plaintiff filed his Amended Complaint.  Within his Amended Complaint, Plaintiff asserts causes of action against Defendant for:

1)  Violation of the Fair Debt Collection Practices Act;

2)  Negligence;

3)  Fraud in the Concealment;

   4) Fraud in the Inducement;

   5) Slander of Title;

   6) Declaratory Relief; and,

   7) Rescission.  *See* Am. Compl. pp. 8-13.

Other than the addition of the following "Statement of Claim," Plaintiff's Amended Complaint appears to be a word-for-word duplicate of Plaintiff's Original Complaint:

> "Plaintiff states, [']I Wayne Smith makes this Statement Of Claim in accordance to Federal Rule Cival(sic) Procedure 12(b)(6) as shown in elements (1) FDCPA Violations; 2) Failure to provide a Mortgage Loan Origination Agreement; 3) Fraudulent Concealment; 4) Fraudulent Inducement; 5) Making Illegal or fraudulent transfers of the note and deed of trust and 6) Public Policy Grounds wherein each provides an independent grounds for relief. and furthermore where Fraud may be involved in any of the elements, I plead,['] with particularity (all elements implying,)['] Fed. R. Civ.P.9(b)."  Am. Compl. p. 3.

Defendant MTGLQ now moves to dismiss all causes of action plead within Plaintiff's Amended Complaint due to failure to state a claim upon which relief can be granted.

## II.   STATEMENT OF FACTS

Plaintiff executed a Deed of Trust (the "Deed of Trust") dated April 24, 2006, which encumbered the Property to secure payment of a promissory note (the "Note") in the amount of $137,700.00.  *See* Ex. 1[1].  The Deed of Trust was assigned to MTGLQ on through a series of assignments (the "Assignments").  *See* Ex. 2.[2]  MTGLQ is the mortgagee of record of the Deed of Trust.   *See* TEX. PROP. CODE § 51.0001(4)(c).  As of October 30, 2018, Plaintiff's loan was contractually due for the August 1, 2015, monthly payment.  *See* Am. Compl. Ex. 4-B

---

[1] The Deed of Trust was filed in the real property records of Harris County, Texas, as Instrument No. Z272309 on May 3, 2006.  Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of the publically recorded Deed of Trust. Fed. R. Evid. 201.

[2] The Assignments were filed in the real property records of Harris County, Texas, as Instrument No. 20120344975 on Aug. 1, 2012; as Instrument No. 20140116091 on Mar. 24, 2014; as Instrument No. RP-2016-188516 on May 4, 2016; and as Instrument No. RP-2018-441564 on Sept. 26, 2018.  Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of the publically recorded Assignments. Fed. R. Evid. 201

In 2016, in an attempt to prevent foreclosure of the Property, Plaintiff filed suit against the then-mortgagee and mortgage service of the Deed of Trust in the 61st Judicial District of Harris County, which was removed to the Southern District of Texas in case number 16-cv-01992. Upon Defendants filing of a motion for summary judgment, Plaintiff capitulated and entered into a stipulated dismissal with prejudice. *See* Ex. 3.

Now, again faced with the prospect of foreclosure, Plaintiff has engaged in a series of dilatory actions in order to stall the inevitable. The Property was set for a foreclosure sale on May 7, 2019. *See* Compl. Ex. 3. On the eve of the foreclosure sale, Plaintiff filed for bankruptcy with the United States Bankruptcy Court for the Southern District of Texas in Case No. 19-32637. *See* Ex. 4 (Petition in Bankruptcy Case No. 19-32637). Now, with the filing of this lawsuit, Plaintiff has moved to dismiss his bankruptcy as he "has addressed the issues on his home in another manner. He no longer needs the [bankruptcy]." *See* Ex. 5 (Motion to Dismiss in Bankruptcy Case No. 19-32637). Based on Plaintiff's filings, it is clear that he is abusing the judicial system in an attempt to avoid paying his debts.

### III. ARGUMENTS AND AUTHORITIES

#### A. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *cert. denied*, 552 U.S. 1182 (2008)). "Factual allegations must . . . raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Wolcott v.*

*Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted). While the allegations need not be overly detailed, a plaintiff's pleadings must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do" *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("'naked assertions' devoid of 'further factual enhancement,'" along with "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth); *Escuadra v. Geovera Specialty Ins. Co.*, No. 1:09-CV-974, 2010 WL 3633009, at *6 (E.D. Tex. Sept. 9, 2010) (noting that dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

Demonstrating the facial plausibility of a claim requires a plaintiff to establish "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. It is not enough that a plaintiff allege the mere possibility of misconduct; it is incumbent to "show that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 679. The court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory or the facts asserted are insufficient to support relief under a cognizable legal theory. *See Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.*, 940 F. Supp. 1026, 1030 (E.D. Tex. 1996).

B. **CAUSE OF ACTION NO. 1: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA").**

1. **STATUTE OF LIMITATIONS BARS PLAINTIFF'S FDCPA CLAIM.**

"A claim under the FDCPA must be brought within one year from the date the violation occurs." *Smither v. Ditech Fin., L.L.C.*, 681 Fed. Appx. 347, 355 (5th Cir. 2017) (citing 15 U.S.C.

§ 1692k(d)); *see also Charles v. Exeter Fin. Corp*, 2017 U.S. Dist. LEXIS 214856 at *3 (S.D. Tex. 2017). In this instance, Plaintiff alleges that a letter sent "8-Jun-11" by MTGLQ violated the FDCPA. Compl. p. 8. This alleged act occurred nearly 8 years prior to the filing of this action, and is therefore barred by the statute of limitations.

### 2. THERE ARE NO ALLEGATIONS SUPPORTING PLAINTIFF'S FDCPA CLAIM.

"The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts for others." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). "The term 'debt collector' means any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a. Debt collectors do not include a lender, mortgage servicing company, or assignee of a debt, as long as the debt was not in default at the time it was assigned. *Cameron v. United States Bank*, 2016 U.S. Dist. LEXIS 173622 at *6-*7 (S.D. Tex. 2016) (citing *Miller v. BAC Home Mortgages Servicing, L.P.*, 726 F.3d 717, 722 (5th Cir. 2013)); *see also* 15 U.S.C. § 1692a(6)(F). Therefore, to prevail on claims against a debt collector under the FDCPA, a plaintiff must show that "'(1) he has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector [as] defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Hunsinger v. SKO Brenner American, Inc.*, No. 3:13-cv-0988-D, 2014 WL 1462443, at *3 (N.D. Tex. April 15, 2014) (quoting *Browne v. Portfolio Recovery Associates*, No. H-11-2869, 2013 WL 871966, at *4 (S.D. Tex. March 7, 2013)).

Plaintiff has alleged that MTGLQ violated the FDCPA by "mailing a dunning letter dated 8-Jun-11 by U.S.P.S. to the Plaintiff which asked for a lump sum of money." Am. Compl. pp. 8-9. Plaintiff has failed to allege how sending MTGLQ a letter in 2011 would have accomplished anything when MTGLQ did not become the mortgage of record until 2018. Plaintiff has also failed to allege that MTGLQ is a debt collector. Even if Plaintiff had alleged that MTGLQ was a debt

collector, Plaintiff has failed to allege facts sufficient to support his claims. Plaintiff's primary claims are that MTGLQ violated § 1692e by making false, deceptive and misleading representations and § 1692(f) by "demanding payment of a debt Plaintiff did not owe and by making direct, indirect, and valid [*sic*] threats of dire consequences to Plaintiff if Plaintiff failed to pay the alleged debt." Am. Compl. p. 9.

Other than Plaintiff's single conclusory allegation that a letter was sent by MTGLQ, Plaintiff has not alleged any facts to support his conclusory allegations that MTGLQ made false, deceptive, or misleading representations to him, that he did not owe a debt, or that MTGLQ made any "direct, indirect, [or] valid [*sic*] threats of dire consequence." Plaintiff has failed to state a claim for violations of the FDCPA as a matter of law.

C. **CAUSE OF ACTION NO. 2: NEGLIGENCE.**

"Under Texas law, the elements of a negligence claim are (1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach." Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008) (quoting *Sport Supply Grp., Inc. v. Columb. Cas. Co.*, 335 F.3d 453, 466 (5th Cir. 2003)). "[N]o special relationship [exists] between a mortgagor and mortgagee." *Collier v. Wells Fargo Home Mortg.*, No. 7:04-CV-086-K, 2006 WL 1464170 at *8 (N.D. Tex. May 26, 2006) (citing *UMLIC VP LLC v. T & M Sales and Envtl. Sys., Inc.*, 176 S.W.3d 595, 612 (Tex. App.—Corpus Christi 2005, pet. denied)). "Absent a 'special relationship,' any duty to act in good faith is contractual in nature and its breach does not amount to an independent tort." *UMLIC*, 176 S.W.3d at 612 (citations omitted). *Heller Fin., Inc. v. Grammco Computer Sales, Inc.*, 71 F.3d 518, 527 (5th Cir. 1996) ("As a general rule, the failure to perform the terms of a contract is a breach of contract, not a tort") (internal citations omitted).

Plaintiff alleges that MTGLQ acted negligently by sending a letter to Plaintiff "through the United States Mail, []demanding that Plaintiff pay United States Money to defendant as stipulated

above." Am. Compl. p. 9.  Plaintiff has not alleged that MTGLQ owed Plaintiff any legal duty, and cannot show that there is any legal duty between MTGLQ and Plaintiff as no special relationship exists between a mortgagor and mortgagee.  Even if there were some duty between MTGLQ and Plaintiff, Plaintiff has not alleged that MTGLQ breached any duty, or that Plaintiff was damaged as a result of the breach of any duty.

### D. CAUSES OF ACTION NO. 3 AND 4: FRAUD IN THE CONCEALMENT AND FRAUD IN THE INDUCEMENT.

#### 1. THE FRAUD CLAIMS ARE NOT PLEAD WITH PARTICULARITY.

Allegations of fraud must be pleaded with particularity.  Fed. R. Civ. P. 9(b); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002).  To plead fraud with the necessary particularity, the plaintiff must (1) specify the statements alleged to be fraudulent, (2) identify the person who made the statements, (3) state when and where the statements were made, and (4) explain why the statements were fraudulent (i.e., what facts were misrepresented and what the person making the statements gained).  *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997).  In other words, a plaintiff must specify the "who, what, when, where, and how" of the alleged fraud.  *Id.* at 179.  Within the Fraud Claims, Plaintiff has not alleged: any specific statements that are purported to be fraudulent; who made the purportedly fraudulent statements; when and where the purportedly fraudulent statements were made; or how the purportedly fraudulent statements were actually fraudulent.  Plaintiff has completely failed to plead the Fraud Claims with the level of particularity required by Rule 9 of the Federal Rules of Civil Procedure.

#### 2. FRAUD IN THE CONCEALMENT.

"A defendant's failure to disclose information will support a claim for fraud only where the defendant has a duty to disclose." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1035 (5th Cir. 2010) (citing *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001)).  In

order for a duty to disclose to arise, the parties must be in a confidential or fiduciary relationship. *Union Pac. Res. Grp., Inc. v. Rhone-Poulenc, Inc.*, 247 F.3d 574, 586 (5th Cir. 2001) (citing *World Help v. Leisure Lifestyles, Inc.*, 977 S.W.2d 662, 670 (Tex. App.—Fort Worth 1998, pet. denied)). However, a lender does not owe a borrower a fiduciary duty. *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1006 (S.D. Tex. 2011); *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 192 (S.D. Tex. 2007). In addition, the relationship between a mortgagee and a mortgagor does not amount to a duty of good faith and fair dealing, let alone the highest standard of fiduciary duty. *Motten*, 831 F. Supp. 2d at 1006; *see Casterline v. Indy Mac/One West*, 761 F. Supp. 2d 483, 491 (S.D. Tex. 2011).

Plaintiff alleges that MTGLQ's alleged failure to disclose information is the basis for a claim for fraud in the concealment. Am. Compl. p. 10. Plaintiff has not alleged any relationship between Plaintiff and MTGLQ other than that of a lender and a borrower, and therefore has not alleged that MTGLQ owed Plaintiff any sort of duty that would require MTGLQ to disclose information. Plaintiff has failed to state a claim for fraud in the concealment as a matter of law.

### 3. FRAUD IN THE INDUCEMENT.

In a claim for fraud in the inducement, "'the elements of fraud must be established as they relate to an agreement between the parties.'" *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 277 (5th Cir. 2012)(quoting *Haase v. Glazner*, 62 S.W.3d 795, 798-99 (Tex. 2001)). A fraud in the inducement claim requires a plaintiff to prove "[(1)] a [material] misrepresentation; [(2)] that defendant knew the representation was false and intended to induce plaintiff to enter into the contract through that misrepresentation; [(3)] that plaintiff actually relied on the misrepresentation in entering into the contract; and [(4)] that plaintiff's reliance led to [sic] plaintiff to suffer an injury through entering into the contract." *Bohnsack*, 668 F.3d at 277 (citing *Samson Lone Star, Ltd. P'ship v. Hooks*, 389 S.W.3d 409, 427 (Tex. App.—Houston [1st Dist.] 2012, no pet.)). The plaintiff must also prove

that she would not have entered into the contract absent the misrepresentation. *Bohnsack*, 668 F.3d at 277 (citing *Williams v. Dardenne*, 345 S.W.3d 118, 126 (Tex. App.—Houston [1st Dist.] 2011, no pet.)).

Though Plaintiff does on some level allege a material misrepresentation and that MTGLQ intend on Plaintiff to rely on the alleged material misrepresentation, Plaintiff has not alleged that MTGLQ knew the alleged misrepresentation was false; that Plaintiff actually relied on the alleged misrepresentation; that Plaintiff's reliance on the alleged misrepresentation caused Plaintiff injury; or that Plaintiff would not have entered into the contract absent the alleged misrepresentation. Plaintiff has failed to state a claim for fraud in the inducement as a matter of law. *See* Am. Compl. pp. 10-11.

### E. CAUSE OF ACTION NO. 5: SLANDER OF TITLE.

Under Texas law, "'[s]lander of title' is defined as a false and malicious statement made in disparagement of a person's title to property which causes special damages." *Elijah Ragira/VIP Lodging Grp., Inc. v. VIP Lodging Grp., Inc.*, 301 S.W.3d 747, 758 (Tex. App.—El Paso 2009, no pet.). The necessary elements are "the uttering and publishing of disparaging words that were false and malicious, that special damages were sustained, and that the injured party possessed an interest in the property disparaged. . . . Further, the complaining party must demonstrate the loss of a specific sale." *Id.* at 759; see *Van Duzer v. U.S. Bank N.A.*, 582 Fed. Appx. 279 (5th Cir. 2014), *Davis v. Countrywide Home Loans, Inc.*, 1 F. Supp. 3d 638, 646 (S.D. Tex. 2014). It is the "general rule long-standing in Texas" that the plaintiff is "required to prove the loss of a specific sale or sales in order to recover on his slander of title action." *A.H. Belo Corp. v. Sanders*, 632 S.W.2d 145, 145-46 (Tex. 1982); *see also Jeanes v. Henderson*, 703 F.2d 855, 860 (5th Cir. 1983) (applying *Sanders* and dismissing slander of title claim for failure to adduce evidence of a lost sale).

Plaintiff alleges that the actions taken by MTGLQ have slandered his title to the Property. But Plaintiff has not alleged that he lost a specific sale of his home as is necessary to support a slander of title claim, and, therefore, has failed to state a claim for slander of title as a matter of law. *See* Am. Compl. pp. 11-12.

### F. CAUSE OF ACTION NO. 6: DECLARATORY RELIEF.

The Declaratory Judgment Act allows federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The courts have long held that only parties with legal interests threatened in an actual controversy have standing to sue under the Declaratory Judgment Act. *Wolfer v. Thaler*, 525 F.2d 977, 979 (5th Cir.), *cert. denied*, 425 U.S. 97 (1976). "There must be a substantial controversy . . . between parties having adverse legal interests." *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986).

A party's interest is an adverse legal interest within the meaning of the Declaratory Judgment Act when it relates to "a case of actual controversy within [the court's] jurisdiction." 28 U.S.C. § 2201. This language merely recognizes that the case or controversy requirement of Art. III of the Constitution applies in the declaratory judgment context. *Foster v. Center Tp. of LaPorte County*, 798 F.2d 237, 249 (7th Cir. 1986). A claim for declaratory relief is remedial in nature, and is therefore dependent on the plaintiff's assertion of a viable cause of action. *See Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990) (declaratory judgment actions are remedial only). The Declaratory Judgment Act "enlarged the range of remedies available in the federal courts but did not extend their jurisdiction. . . ." *Skelly Oil v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). The Declaratory Judgment Act "is merely a procedural device and does not create any substantive rights or causes of action." *Smitherman v. Bayview Loan Servicing, LLC*, 727 Fed. Appx. 787, 792 (5th Cir. 2018) (citations

omitted). As a result, when a plaintiff has asserted no viable causes of action against a defendant, it is proper for the district court to dismiss plaintiff's requests for declaratory relief. *See Harris Cty., Tex. v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015); *see also Smallwood v. Bank of Am. Nat'l Ass'n*, 670 Fed. Appx. 333, 334 (5th Cir. 2016) (affirming for reasons given by the magistrate judge, which included that the plaintiffs' requests for declaratory relief should be dismissed because of there not being any relief under the Declaratory Judgment Act).

Plaintiff has alleged no other viable causes of action against MTGLQ, and therefore, his declaratory relief claim fails as a matter of law.

### G. CAUSE OF ACTION NO. 7: RESCISSION.

Plaintiff's final cause of action seeks to rescind the loan pursuant to Section 1635 of the Truth in Lending Act ("TILA"),15 U.S.C. § 1601 *et seq*, due to the alleged failure of MTGLQ to provide accurate and complete disclosures as required by TILA. "The Truth in Lending Act gives borrowers the right to rescind certain loans for up to three years after the transaction is consummated." *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 791 (2015). At the extreme, a borrower's right to rescind under TILA expires as quick as three days or as long as three years after a loan is made. *Mason v. Ocwen Loan Servicing, L.L.C.*, 740 Fed. Appx. 451, 452 (5th Cir. 2018); *see also* 15 U.S.C. § 1635(f); *Jesinoski*, 135 S. Ct. at 792; *Taylor v. Domestic Remodeling, Inc.*, 97 F.3d 96, 98 (5th Cir. 1996). A plaintiff must notify the lender in writing of his intent to rescind within the relevant window, whether it is three days or three years. *Jesinoski*, 135. S. Ct. at 792.

Plaintiff has not alleged that his loan is one of the types of loan for which TILA provides a remedy of rescission. Nor has Plaintiff alleged that he attempted to rescind his loan at any time prior to April 24, 2009 – the expiration of three years after his loan was made and the maximum time frame he had to notify MTGLQ of his intent to rescind. *See* Am. Compl. p. 2 (stating that the

loan was executed on April 24, 2006); *see also* Ex. 2.

## IV. CONCLUSION

Ultimately, Plaintiff has not alleged a single new fact in his Amended Complaint when compared to his Original Complaint. Plaintiff's Original Complaint did not alleged a set of facts that would give rise to a plausible claim of relief against Defendant on any of the causes of actions pleaded by Plaintiff, just as Plaintiff's Amended Complaint fails in the same manner. Plaintiff's claims fail as a matter of law as they are either improperly plead, untimely, barred by the statute of limitations, lacking facts related to any required element, or are not applicable to the situation at hand.

Although "a court should freely give [a party] leave" to amend pleadings "when justice so requires," a court should deny leave to amend when the amendment, if granted, will be futile. Fed. R. Civ. P. 15(a); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). To determine futility, the Fifth Circuit considers whether an amendment could survive a motion to dismiss under Federal Rule 12(b)(6); if an amendment would fail to state a claim upon which relief could be granted, the court may deny leave to amend. *See Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003) (stating "because . . . the proposed amended complaint could not survive a Fed. R. Civ. P. 12(b)(6) motion" allowing plaintiff "to amend the complaint would be futile"). This Court has already afforded Plaintiff the opportunity to amend to correct what the Court considered deficient pleadings. In response, Plaintiff filed an almost exact duplicate of his initial pleading. Plaintiff has failed to heed the Court's direction and should therefore not be granted the opportunity to amend a second time. Therefore, the Court should dismiss this lawsuit with prejudice.

V.  **PRAYER**

**WHEREFORE**, Defendant MTGLQ Investors, LP respectfully request that the Court grant this Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and dismiss with prejudice all of Plaintiff's Claims as plead in the Plaintiff's Amended Complaint. Defendant further prays that the Court grant all other and further relief in law or in equity to which it may be entitled.

Dated: July 25, 2019.

Respectfully Submitted,
**MCCARTHY & HOLTHUS, LLP**

*/s/ Brandon Hakari*
Brandon Hakari / TBN: 24107552
Cole Patton / TBN: 24037247
1255 West 15th Street, Suite 1060
Plano, TX  75075
Phone: 214.291.3800
Fax: 214.291.3801
bhakari@mccarthyholthus.com
**ATTORNEYS FOR DEFENDANT**
**MTGLQ INVESTORS, LP**

## CERTIFICATE OF SERVICE

I hereby certify that I submitted the foregoing to the clerk of the United States District Court, Southern District of Texas using the electronic case filing system of the Court, and that I served all counsel of record listed below in accordance with Federal Rule of Civil Procedure 5(b)(2) on July 25, 2019.

*via CMRRR and E-Mail*

Wayne Smith
5723 Painted Trail Drive
Houston, Texas 77084
Paulwayne777@gmail.com
**PLAINTIFF PRO SE**

/s/ Brandon Hakari
Brandon Hakari