**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **WAYNE SMITH,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 19-cv-01888** |
| | § | |
| **MTGLQ INVESTORS, LP,** | § | |
| | § | |
| *Defendant.* | § | |

---

**DEFENDANT MTGLQ INVESTORS, LP'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

Pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure, Defendant MTGLQ Investors, LP ("MTGLQ") files this Response in Opposition to Plaintiff's Motion for Summary Judgment, and respectfully shows the Court as follows:

**I.    CASE HISTORY**

Plaintiff Wayne Smith ("Plaintiff" or "Smith") filed this lawsuit on May 24, 2019 to prevent the foreclosure of a deed of trust encumbering the real property located at 5723 Painted Trail Drive (the "Property").  MTGLQ filed a motion to dismiss Plaintiff's Original Complaint. MTGLQ's motion to dismiss was denied, though the Court ordered that the failure of Plaintiff to "file an amended complaint within twenty-one days will result in dismissal of Plaintiff's Case." Dkt. No. 14.  On July 24, 2019, Plaintiff filed his Amended Complaint.  Within his Amended Complaint, Plaintiff asserts causes of action against Defendant for:

1)   Violation of the Fair Debt Collection Practices Act;

2)   Negligence;

3)   Fraud in the Concealment;

    4)  Fraud in the Inducement;

    5)  Slander of Title;

    6)  Declaratory Relief; and,

    7)  Rescission.  *See* Am. Compl. pp. 8-13.

On July 24, 2019, Plaintiff filed an Amended Motion for Summary Judgment ("MSJ"), seeking "final summary judgment in his favor."  MSJ p. 2.

Defendant MTGLQ now filed this response in opposition to the MSJ.

## II.    STATEMENT OF FACTS

Plaintiff executed a Deed of Trust (the "Deed of Trust") dated April 24, 2006, which encumbered the Property to secure payment of a promissory note (the "Note") in the amount of $137,700.00.  *See* Ex. 1[1].  The Deed of Trust was assigned to MTGLQ on through a series of assignments (the "Assignments").  *See* Ex. 2.[2]  MTGLQ is the mortgagee of record of the Deed of Trust.  *See* TEX. PROP. CODE § 51.0001(4)(c).  As of October 30, 2018, Plaintiff's loan was contractually due for the August 1, 2015, monthly payment.  *See* Am. Compl. Ex. 4-B

In 2016, in an attempt to prevent foreclosure of the Property, Plaintiff filed suit against the then-mortgagee and mortgage service of the Deed of Trust in the 61st Judicial District of Harris County, which was removed to the Southern District of Texas in case number 16-cv-01992.  Upon Defendants filing of a motion for summary judgment, Plaintiff capitulated and entered into a stipulated dismissal with prejudice.  *See* Ex. 3.

---

[1] The Deed of Trust was filed in the real property records of Harris County, Texas, as Instrument No. Z272309 on May 3, 2006.  Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant respectfully requests that the Court take judicial notice of the publically recorded Deed of Trust. Fed. R. Evid. 201.

[2] The Assignments were filed in the real property records of Harris County, Texas, as Instrument No. 20120344975 on Aug. 1, 2012; as Instrument No. 20140116091 on Mar. 24, 2014; as Instrument No. RP-2016-188516 on May 4, 2016; and as Instrument No. RP-2018-441564 on Sept. 26, 2018.  Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant respectfully requests that the Court take judicial notice of the publically recorded Assignments. Fed. R. Evid. 201

Now, again faced with the prospect of foreclosure, Plaintiff has engaged in a series of dilatory actions in order to stall the inevitable.  The Property was set for a foreclosure sale on May 7, 2019.  *See* Compl. Ex. 3.  On the eve of the foreclosure sale, Plaintiff filed for bankruptcy with the United States Bankruptcy Court for the Southern District of Texas in Case No. 19-32637.  *See* Ex. 4 (Petition in Bankruptcy Case No. 19-32637).  Now, with the filing of this lawsuit, Plaintiff has moved to dismiss his bankruptcy as he "has addressed the issues on his home in another manner.  He no longer needs the [bankruptcy]."  *See* Ex. 5 (Motion to Dismiss in Bankruptcy Case No. 19-32637).  Based on Plaintiff's filings, it is clear that he is abusing the judicial system in an attempt to avoid paying his debts.

Within the MSJ, Plaintiff make various arguments as to why he should be granted summary judgment.  *See* MSJ pp. 2-3.  Those arguments, briefly summarized, are (1) MTGLQ won't produce documents "to determine true ownership"; (2) MTGLQ is unwilling to do a verified "Total Debt Validation"; (3) MTGLQ redacts information from documents; and (4) Plaintiff wants to see if MTGLQ owns the loan at issue.  *Id.*  However, the arguments contained within the MSJ do nothing to support each and every element of Plaintiff's Causes of Action.

## III.   ARGUMENTS AND AUTHORITIES

### A.  STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and evidence show that no genuine issue exists as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Disputes concerning material facts are genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (citation omitted).  In a summary judgment proceeding, the movant must make a prima facie showing that he is entitled to the relief sought.  *See Celotex Corp. v. Catrett*,

477 U.S. 317, 323-24 (1986).  The burden of proof in a summary judgment proceeding is on the same party who would bear the burden of proof at trial.  *Id.* at 325.

**B.  PLAINTIFF'S MSJ IS PREMATURE.**

Currently pending before this Court is MTGLQ's Motion to Dismiss due to failure to state a claim.  Dkt. No. 21.  As the Court has not yet ruled on the Motion to Dismiss, the time for MTGLQ to file an answer has not yet occurred.  *See* Fed. R. Civ. P. 12(a)(4).  Ruling on Plaintiff's MSJ prior to the Court ruling on MTGLQ's Motion to Dismiss and requiring MTGLQ to file an answer prevents MTGLQ from being able to assert denials and affirmative defenses to the allegations raised in Plaintiff's Amended Complaint.  *See* Fed. R. Civ. P. 8(b).

**C.  CAUSE OF ACTION NO. 1: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA").**

**1.  STATUTE OF LIMITATIONS BARS PLAINTIFF'S FDCPA CLAIM.**

"A claim under the FDCPA must be brought within one year from the date the violation occurs."  *Smither v. Ditech Fin., L.L.C.*, 681 Fed. Appx. 347, 355 (5th Cir. 2017) (citing 15 U.S.C. § 1692k(d)); *see also Charles v. Exeter Fin. Corp*, 2017 U.S. Dist. LEXIS 214856 at *3 (S.D. Tex. 2017).  In this instance, Plaintiff alleges that a letter sent "8-Jun-11" by MTGLQ violated the FDCPA.  Compl. p. 8.  This alleged act occurred nearly 8 years prior to the filing of this action, and is therefore barred by the statute of limitations.

**2.  THERE IS NO EVIDENCE SUPPORTING PLAINTIFF'S FDCPA CLAIM.**

"The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts for others."  *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).  "The term 'debt collector' means any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a.  Debt collectors do not include a lender, mortgage servicing company, or assignee of a debt, as long as the debt was not in default

at the time it was assigned. *Cameron v. United States Bank*, 2016 U.S. Dist. LEXIS 173622 at *6-*7 (S.D. Tex. 2016) (citing *Miller v. BAC Home Mortgages Servicing, L.P.*, 726 F.3d 717, 722 (5th Cir. 2013)); *see also* 15 U.S.C. § 1692a(6)(F).  Therefore, to prevail on claims against a debt collector under the FDCPA, a plaintiff must show that "'(1) he has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector [as] defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Hunsinger v. SKO Brenner American, Inc.*, No. 3:13-cv-0988-D, 2014 WL 1462443, at *3 (N.D. Tex. April 15, 2014) (quoting *Browne v. Portfolio Recovery Associates*, No. H-11-2869, 2013 WL 871966, at *4 (S.D. Tex. March 7, 2013)).

Plaintiff has alleged that MTGLQ violated the FDCPA by "mailing a dunning letter dated 8-Jun-11 by U.S.P.S. to the Plaintiff which asked for a lump sum of money." Am. Compl. pp. 8-9.  Plaintiff has failed to include any case law demonstrating how sending MTGLQ a letter in 2011 would have accomplished anything when MTGLQ did not become the mortgage of record until 2018.  Plaintiff has also failed to produced evidence showing that MTGLQ is a debt collector. Even if Plaintiff had produced evidence that MTGLQ was a debt collector, Plaintiff has failed to produce evidence sufficient to support his claims.  Plaintiff's primary claims are that MTGLQ violated § 1692e by making false, deceptive and misleading representations and § 1692(f) by "demanding payment of a debt Plaintiff did not owe and by making direct, indirect, and valid [*sic*] threats of dire consequences to Plaintiff if Plaintiff failed to pay the alleged debt." Am. Compl. p. 9.

Other than Plaintiff's single conclusory allegation that a letter was sent by MTGLQ, Plaintiff has not produced any evidence to support his conclusory allegations that MTGLQ made false, deceptive, or misleading representations to him, that he did not owe a debt, or that MTGLQ

made any "direct, indirect, [or] valid [*sic*] threats of dire consequence."

**D.  CAUSE OF ACTION NO. 2: NEGLIGENCE.**

"Under Texas law, the elements of a negligence claim are (1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach." Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008) (quoting *Sport Supply Grp., Inc. v. Columb. Cas. Co.*, 335 F.3d 453, 466 (5th Cir. 2003)). "[N]o special relationship [exists] between a mortgagor and mortgagee." *Collier v. Wells Fargo Home Mortg.*, No. 7:04-CV-086-K, 2006 WL 1464170 at *8 (N.D. Tex. May 26, 2006) (citing *UMLIC VP LLC v. T & M Sales and Envtl. Sys., Inc.*, 176 S.W.3d 595, 612 (Tex. App.—Corpus Christi 2005, pet. denied)). "Absent a 'special relationship,' any duty to act in good faith is contractual in nature and its breach does not amount to an independent tort." *UMLIC*, 176 S.W.3d at 612 (citations omitted). *Heller Fin., Inc. v. Grammco Computer Sales, Inc.*, 71 F.3d 518, 527 (5th Cir. 1996) ("As a general rule, the failure to perform the terms of a contract is a breach of contract, not a tort") (internal citations omitted).

Plaintiff alleges that MTGLQ acted negligently by sending a letter to Plaintiff "through the United States Mail, []demanding that Plaintiff pay United States Money to defendant as stipulated above." Am. Compl. p. 9.  Plaintiff has not produced any evidence or supporting case law showing that MTGLQ owed Plaintiff any legal duty, and cannot show that there is any legal duty between MTGLQ and Plaintiff as no special relationship exists between a mortgagor and mortgagee.  Even if there were some duty between MTGLQ and Plaintiff, Plaintiff has not produced any evidence that MTGLQ breached any duty, or that Plaintiff was damaged as a result of the breach of any duty.

**E. CAUSES OF ACTION NO. 3 AND 4: FRAUD IN THE CONCEALMENT AND FRAUD IN THE INDUCEMENT.**

### 1. THE FRAUD CLAIMS ARE NOT PLEAD WITH PARTICULARITY.

Allegations of fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). To plead fraud with the necessary particularity, the plaintiff must (1) specify the statements alleged to be fraudulent, (2) identify the person who made the statements, (3) state when and where the statements were made, and (4) explain why the statements were fraudulent (i.e., what facts were misrepresented and what the person making the statements gained). *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). In other words, a plaintiff must specify the "who, what, when, where, and how" of the alleged fraud. *Id.* at 179. Within the Fraud Claims, Plaintiff has not alleged: any specific statements that are purported to be fraudulent; who made the purportedly fraudulent statements; when and where the purportedly fraudulent statements were made; or how the purportedly fraudulent statements were actually fraudulent. Plaintiff has completely failed to plead the Fraud Claims with the level of particularity required by Rule 9 of the Federal Rules of Civil Procedure.

### 2. FRAUD IN THE CONCEALMENT.

"A defendant's failure to disclose information will support a claim for fraud only where the defendant has a duty to disclose." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1035 (5th Cir. 2010) (citing *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001)). In order for a duty to disclose to arise, the parties must be in a confidential or fiduciary relationship. *Union Pac. Res. Grp., Inc. v. Rhone-Poulenc, Inc.*, 247 F.3d 574, 586 (5th Cir. 2001) (citing *World Help v. Leisure Lifestyles, Inc.*, 977 S.W.2d 662, 670 (Tex. App.—Fort Worth 1998, pet. denied)). However, a lender does not owe a borrower a fiduciary duty. *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1006 (S.D. Tex. 2011); *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp.

2d 176, 192 (S.D. Tex. 2007). In addition, the relationship between a mortgagee and a mortgagor does not amount to a duty of good faith and fair dealing, let alone the highest standard of fiduciary duty. *Motten*, 831 F. Supp. 2d at 1006; *see Casterline v. Indy Mac/One West*, 761 F. Supp. 2d 483, 491 (S.D. Tex. 2011).

Plaintiff alleges that MTGLQ's alleged failure to disclose information is the basis for a claim for fraud in the concealment. Am. Compl. p. 10. Plaintiff has not produced evidence or supporting case law of any relationship between Plaintiff and MTGLQ other than that of a lender and a borrower, and therefore has not proved that MTGLQ owed Plaintiff any sort of duty that would require MTGLQ to disclose information.

### 3. FRAUD IN THE INDUCEMENT.

In a claim for fraud in the inducement, "'the elements of fraud must be established as they relate to an agreement between the parties.'" *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 277 (5th Cir. 2012)(quoting *Haase v. Glazner*, 62 S.W.3d 795, 798-99 (Tex. 2001)). A fraud in the inducement claim requires a plaintiff to prove "[(1)] a [material] misrepresentation; [(2)] that defendant knew the representation was false and intended to induce plaintiff to enter into the contract through that misrepresentation; [(3)] that plaintiff actually relied on the misrepresentation in entering into the contract; and [(4)] that plaintiff's reliance led to [sic] plaintiff to suffer an injury through entering into the contract." *Bohnsack*, 668 F.3d at 277 (citing *Samson Lone Star, Ltd. P'ship v. Hooks*, 389 S.W.3d 409, 427 (Tex. App.—Houston [1st Dist.] 2012, no pet.)). The plaintiff must also prove that she would not have entered into the contract absent the misrepresentation. *Bohnsack*, 668 F.3d at 277 (citing *Williams v. Dardenne*, 345 S.W.3d 118, 126 (Tex. App.—Houston [1st Dist.] 2011, no pet.)).

Plaintiff has not produced any evidence that MTGLQ knew the alleged misrepresentation was false; that Plaintiff actually relied on the alleged misrepresentation; that Plaintiff's reliance on

the alleged misrepresentation caused Plaintiff injury; or that Plaintiff would not have entered into the contract absent the alleged misrepresentation.

### F.   CAUSE OF ACTION NO. 5: SLANDER OF TITLE.

Under Texas law, "'[s]lander of title' is defined as a false and malicious statement made in disparagement of a person's title to property which causes special damages." *Elijah Ragira/VIP Lodging Grp., Inc. v. VIP Lodging Grp., Inc.*, 301 S.W.3d 747, 758 (Tex. App.—El Paso 2009, no pet.). The necessary elements are "the uttering and publishing of disparaging words that were false and malicious, that special damages were sustained, and that the injured party possessed an interest in the property disparaged. . . . Further, the complaining party must demonstrate the loss of a specific sale." *Id.* at 759; see *Van Duzer v. U.S. Bank N.A*., 582 Fed. Appx. 279 (5th Cir. 2014), *Davis v. Countrywide Home Loans, Inc*., 1 F. Supp. 3d 638, 646 (S.D. Tex. 2014). It is the "general rule long-standing in Texas" that the plaintiff is "required to prove the loss of a specific sale or sales in order to recover on his slander of title action." *A.H. Belo Corp. v. Sanders*, 632 S.W.2d 145, 145-46 (Tex. 1982); *see also Jeanes v. Henderson*, 703 F.2d 855, 860 (5th Cir. 1983) (applying *Sanders* and dismissing slander of title claim for failure to adduce evidence of a lost sale).

Plaintiff alleges that the actions taken by MTGLQ have slandered his title to the Property. But Plaintiff has not produced any evidence that he lost a specific sale of his home as is necessary to support a slander of title claim. *See* Am. Compl. pp. 11-12.

### G.   CAUSE OF ACTION NO. 6: DECLARATORY RELIEF.

The Declaratory Judgment Act allows federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The courts have long held that only parties with legal interests threatened in an actual controversy have standing to sue under the Declaratory Judgment Act.

*Wolfer v. Thaler*, 525 F.2d 977, 979 (5th Cir.), *cert. denied*, 425 U.S. 97 (1976).  "There must be a substantial controversy . . . between parties having adverse legal interests." *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986).

A party's interest is an adverse legal interest within the meaning of the Declaratory Judgment Act when it relates to "a case of actual controversy within [the court's] jurisdiction." 28 U.S.C. § 2201.  This language merely recognizes that the case or controversy requirement of Art. III of the Constitution applies in the declaratory judgment context.  *Foster v. Center Tp. of LaPorte County*, 798 F.2d 237, 249 (7th Cir. 1986).  A claim for declaratory relief is remedial in nature, and is therefore dependent on the plaintiff's assertion of a viable cause of action.  *See Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990) (declaratory judgment actions are remedial only).  The Declaratory Judgment Act "enlarged the range of remedies available in the federal courts but did not extend their jurisdiction. . . ." *Skelly Oil v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).  The Declaratory Judgment Act "is merely a procedural device and does not create any substantive rights or causes of action." *Smitherman v. Bayview Loan Servicing, LLC*, 727 Fed. Appx. 787, 792 (5th Cir. 2018) (citations omitted).  As a result, when a plaintiff has asserted no viable causes of action against a defendant, it is proper for the district court to dismiss plaintiff's requests for declaratory relief.  *See Harris Cty., Tex. v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015); *see also Smallwood v. Bank of Am. Nat'l Ass'n*, 670 Fed. Appx. 333, 334 (5th Cir. 2016) (affirming for reasons given by the magistrate judge, which included that the plaintiffs' requests for declaratory relief should be dismissed because of there not being any relief under the Declaratory Judgment Act).

As shown herein, Plaintiff has alleged no other viable causes of action against MTGLQ, and therefore, cannot succeed on his declaratory relief claim.

### H. CAUSE OF ACTION NO. 7: RESCISSION.

Plaintiff's final cause of action seeks to rescind the loan pursuant to Section 1635 of the Truth in Lending Act ("TILA"),15 U.S.C. § 1601 *et seq*, due to the alleged failure of MTGLQ to provide accurate and complete disclosures as required by TILA. "The Truth in Lending Act gives borrowers the right to rescind certain loans for up to three years after the transaction is consummated." *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 791 (2015). At the extreme, a borrower's right to rescind under TILA expires as quick as three days or as long as three years after a loan is made. *Mason v. Ocwen Loan Servicing, L.L.C.*, 740 Fed. Appx. 451, 452 (5th Cir. 2018); *see also* 15 U.S.C. § 1635(f); *Jesinoski*, 135 S. Ct. at 792; *Taylor v. Domestic Remodeling, Inc.*, 97 F.3d 96, 98 (5th Cir. 1996). A plaintiff must notify the lender in writing of his intent to rescind within the relevant window, whether it is three days or three years. *Jesinoski*, 135. S. Ct. at 792.

Plaintiff has not produced any evidence that his loan is one of the types of loan for which TILA provides a remedy of rescission. Nor has Plaintiff produced evidence that he attempted to rescind his loan at any time prior to April 24, 2009 – the expiration of three years after his loan was made and the maximum time frame he had to notify MTGLQ of his intent to rescind. *See* Am. Compl. p. 2 (stating that the loan was executed on April 24, 2006); *see also* Ex. 2.

## IV.   CONCLUSION

Plaintiff has not produced a single piece of evidence in admissible form that supports *any* element of the seven causes of action he pleaded, or explained how he should prevail on said causes of action. Instead, he refers to issues that are outside of the scope of Rule 56 as to why the MSJ should be granted. These arguments are insufficient to sustain a motion for summary judgment.

## V.  PRAYER

**WHEREFORE**, Defendant MTGLQ Investors, LP respectfully request that the Court deny Plaintiff's Motion for Summary Judgment.  Defendant further prays that the Court grant all other and further relief in law or in equity to which it may be entitled.

Dated: August 8. 2019

Respectfully Submitted,
**MCCARTHY & HOLTHUS, LLP**

_/s/ Brandon Hakari_
Brandon Hakari / TBN: 24107552
Cole Patton / TBN: 24037247
1255 West 15th Street, Suite 1060
Plano, TX  75075
Phone: 214.291.3800
Fax: 214.291.3801
bhakari@mccarthyholthus.com
**ATTORNEYS FOR DEFENDANT**
**MTGLQ INVESTORS, LP**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I submitted the foregoing to the clerk of the United States District Court, Southern District of Texas using the electronic case filing system of the Court, and that I served all counsel of record listed below in accordance with Federal Rule of Civil Procedure 5(b)(2) on August 8, 2019.

<u>*via CMRRR 7017 2620 0000 3390 6950 and E-Mail*</u>

Wayne Smith
5723 Painted Trail Drive
Houston, Texas 77084
Paulwayne777@gmail.com
**PLAINTIFF PRO SE**

<u>*/s/ Brandon Hakari*</u>
Brandon Hakari